## RUGLESS *v.* STATE.

### Opinion delivered January 2, 1911.

ROBBERY—EVIDENCE.—A conviction of robbery will not be sustained by evidence that the taking was accompanied by putting the owner in fear, but that the taking was in the presence of others under claim of title.

Appeal from Drew Circuit Court; *H. W. Wells,* Judge; reversed.

*Williamson & Williamson,* for appellant.

The indictment will not support a verdict of guilty of robbery, and the evidence will not support a verdict of guilty of larceny. This is a case of robbery or nothing. Property taken in the presence of witnesses, even though violently done, is not robbery if taken under the claim of ownership. 28 Ark. 126.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The indictment sufficiently charges the offense of robbery in the allegation that "the said William Rugless * * * unlawfully, forcibly, violently and by putting in fear, did take from the possession of William Holmes," etc. 70 Ark. 163; 2 Bishop on Crim. Law, § § 1177, 1178; 144 Ala. 58. The practice of this court is to hold all indictments good which charge the offense committed with such certainty as will put the accused on notice and will enable the court to pronounce judgment according to the rights of the case. Kirby's Dig., § § 2228, 2241, 2242, 2243; 84 Ark. 477; 63 Ark. 613.

HART, J. William Rugless was indicted for the crime of robbery. The jury found him guilty of larceny, and assessed his punishment at 12 months' imprisonment in the State pen-

itentiary. Judgment was rendered upon the verdict, and the defendant has duly prosecuted an appeal to this court. The sufficiency of the indictment is questioned, but we do not deem it necessary to pass upon that question because we do not think the verdict is warranted by the evidence.

The evidence upon which the State relies for a conviction shows that one William Holmes was in the possession of a horse, claiming to be the owner thereof. The defendant, William Rugless, went to Holmes's home to get the horse, claiming that it belonged to him. After several hours' controversy about the title to the horse, the defendant took it and carried it home under claim that he owned it. The testimony on the part of the State shows that the taking was accomplished by means of putting Holmes in fear, and that on the part of defendant shows that Holmes voluntarily parted with the possession of the horse.

"Where, in an indictment for robbery, it appeared in evidence that the taking of the property by the defendant was violent, but done in the presence of others under claim of title, *held,* that such taking did not constitute the crime of robbery." *Brown* v. *State,* 28 Ark. 126.

The evidence for the State shows that the defendant took the horse in the presence of others under claim of title, and there is an absence of criminal intent which must operate jointly with the act to constitute larceny. The case appears to have been fully developed at the trial. The judgment will therefore be reversed, and the case dismissed