WILLIAM W. COHEN & COMPANY v. AUSTIN.

Opinion delivered January 31, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF JURY'S FINDINGS.—In an action to recover money advanced on cotton contracts and for fees for executing orders, where the issue as to the intention of the parties in the transactions was submitted to the jury, their findings on that issue, supported by evidence that the transactions were wagering contracts, are conclusive.

2. GAMING—RECOVERY ON GAMBLING CONTRACTS.—There can be no recovery on contracts which constitute gambling transactions.

3. EVIDENCE—PAROL EVIDENCE TO EXPLAIN WRITING.—In a suit to recover money advanced on cotton contracts and for fees in executing orders, the defense being that the contracts were gambling transactions, where the terms of the orders did not disclose the real intention of the parties, it was not error to admit testimony as to conversations and oral agreements prior to giving the orders, to show the intention of the parties in the dealings.

Appeal from Phillips Circuit Court; E. D. Robertson, Judge; affirmed.

*A. D. Whitehead,* for appellants.

*W. G. Dinning,* for appellee.

McCulloch, C. J.   Appellants are copartners, members of the New York Cotton Exchange, and engaged in the brokerage business, buying and selling, for their customers, cotton and other products for future delivery. Appellee is a citizen and resident of Phillips County, Arkansas, and, in November and December, 1924, appellants executed for appellees, on the Cotton Exchange of New York, and in accordance with its rules, numerous orders for purchases of cotton for future delivery.   The orders were given by telegraphic messages sent by appellee from Helena, Arkansas, to appellants in New York. Appellants charged certain schedule of fees for executing the orders, and also advanced considerable sums of money for appellee to cover margins, and the cotton so purchased by appellants for appellee was finally sold at a loss.   Appellants instituted this action in the circuit court of Phillips County against appellee to recover the money advanced on the contracts and also unpaid fees for executing the orders.   Appellee answered, alleging that the contracts were for purchases and sales of cotton futures on margin, without any intention to deliver or to receive the cotton.   There is no controversy as to the amount due if the contracts were free from the taint of wager, and the sole question in the case is whether or not the evidence was legally sufficient to support the finding that the transactions were based upon wagering contracts—contracts involving purely deals in futures, as that term is ordinarily understood.   The brief telegraphic communications between the parties disclose nothing more than orders for the purchases of cotton for future delivery, but appellee testified that he was in New York a few months before these transactions occurred, and called to see appellants, and arranged with them to carry out contemplated deals in the purchasing of futures.   He testified that, in this conversation with appellants, the latter disclaimed carrying on any business in the handling of spot cotton, and declared they were solely "in the

contract business," and that it was agreed between appellee and appellants that, when orders should be sent in, they would be executed solely as contracts for purchases of cotton on margin and not for actual delivery. This testimony was contradicted by one of appellants, who stated that they had no conversation or communications with appellee other than those disclosed in the telegraphic messages.

The issue as to the intention of the parties in carrying on these transactions was submitted to the jury, and the evidence was legally sufficient to support the findings on that issue in favor of appellee, hence we must treat it as settled. If the testimony of appellee be accepted as true, there can be no doubt that the contracts were those which the law denounces as gambling transactions and void, and there can be no recovery based upon such contracts. The law is so well settled on that subject that discussion is entirely unnecessary. *Fortenberry* v. *State,* 47 Ark. 188, 1 S. W. 58; *Phelps* v. *Holderness,* 56 Ark. 283, 19 S. W. 921; *Barnes* v. *State,* 77 Ark. 124, 91 S. W. 10; *Clews* v. *Jamieson,* 182 U. S. 461; *Huff* v. *State,* 164 Ark. 211, 261 S. W. 654; *Mullinix* v. *Hubbard,* 6 Fed. (2d) 109; *Browne* v. *Thorn,* 272 Fed. 950.

It is contended, however, that the court erred in allowing appellee to testify concerning conversations and oral agreements or undertakings between him and appellants prior to the giving of the orders. The orders for the purchase of cotton were brief, and couched in such customary terms as would not disclose the real intention of the parties, and, if antecedent or contemporaneous oral agreements are inadmissible, there might not be any other way of proving the invalidity of the contracts. Such proof is not in conflict with the terms of the contract evidenced by the telegraphic messages, for those messages did not disclose the real intention of the parties in carrying on the transactions. It is clear, we think, that such testimony is competent, not for the purpose of contradicting the messages, but to show what the intentions

of the parties were in the dealings between them. *Clews v. Jamison, supra; Browne v. Thorn, supra.*

The case was properly submitted to the jury, and the evidence was sufficient to sustain the verdict.

Affirmed.