Leo J. PHILLIPS, a/k/a Calvert McGee *v.* STATE of Arkansas

CR 88-123                                                761 S.W.2d 933

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*William R. Simpson, Jr.*, Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of the Class C felony of theft of property. The applicable statute, Ark. Code Ann. § 5-36-103 (1987), provides that theft of property is a Class C felony if one takes the *property of another person* and the value of the property is *more than* two hundred dollars, but less than two thousand five hundred dollars. Appellant does not deny that he took a total of $300.00 from the victim's purse. However, he argues that only $200.00 of the money was the property of the victim, as the other $100.00 was being held by the victim in her capacity as treasurer of her church. Thus, he argues there is no substantial evidence that he took the "property of another person" of a value of "more than $200.00."

■ The argument ignores the statutory definitions of "property of another person" and "amounts involved." Ark. Code Ann. § 5-36-101(7) (1987) provides: "Property of another person means any property in which any person . . . has a possessory or proprietary interest. . . ." Here, the victim has a proprietary interest in the $200.00 which was her own money, and a possessory interest in the $100.00 which she was holding as treasurer for her church. Under this definition the evidence was sufficient to convict the appellant.

In addition, Ark. Code Ann. § 5-36-102(c)(2) (1987) provides: "Amounts involved in theft committed pursuant to one . . . course of conduct . . . may be aggregated in determining the grade of the offense." When the two sums are so aggregated, the total justifies the Class C felony in the case.

Under this definition the evidence was also sufficient to convict the appellant.

Affirmed.