2009 Ark. App. 425

**Demetrius HEARD, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–36.**

Court of Appeals of Arkansas.

May 27, 2009.

Hancock, Lane & Barrett, by: Jonathan T. Lane, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge.

This is an appeal from a conviction of aggravated robbery. It is undisputed that appellant, brandishing a toy gun, demanded that the victim return two dollars that he owed the appellant. The victim admitted that he did owe appellant the two dollars. On appeal, appellant argues that his actions do not constitute the crime of aggravated robbery because, since the money was admittedly his, he lacked the requisite intent to commit a theft. We agree, and we reverse and dismiss.

Substantial evidence that the defendant acted with the purpose of committing theft is necessary to support an aggravated-robbery conviction. A person who commits robbery while representing that he is armed with a deadly weapon commits aggravated robbery. Ark.Code Ann. § 5–12–103(a)(2) (Repl.2006). Robbery is committed when a person employs or threatens to immediately employ physical force with the purpose of committing theft. Ark.Code Ann. § 5–12–10(a) (Repl.2006). Theft is taking the property of another person with the purpose of depriving the owner of that property. Ark. Code Ann. § 5–36–103(a)(1) (Repl.2006).

The crucial question in this case is whether the prosecution presented substantial evidence to show that the two dollars was "the property of another person." In *Davidson v. State*, 200 Ark. 495, 139 S.W.2d 409 (1940), the Arkansas Supreme Court discussed earlier case law addressing the question of whether property was "the property of another" so as to support a conviction of robbery:

> In the case of *Rugless v. State*, 97 Ark. 152, 133 S.W. 600 [ (1911) ], the headnote reads as follows: "A conviction of robbery will not be sustained by evidence that the taking was accompanied by putting the owner in fear, but that the taking was in the presence of others under claim of title." It was so held in this *Rugless* case upon the authority of the case of *Brown v. State*, 28 Ark. 126 [ (1873) ], in which the facts were as follows. Brown took from the possession of Frank two bales of cotton the title to which he claimed just as Frank was about to have them loaded on a steamboat for shipment. He did this by brandishing his pistol and declaring that he would shoot any one who touched the cotton. In reversing a judgment finding Brown guilty of robbery, the court said that, while Brown's conduct in taking possession of the cotton by force was a violation of the law, it did not constitute the crime of robbery, inasmuch as he had taken possession of the cotton under a claim of title.

*Davidson*, 200 Ark. at 499, 139 S.W.2d at 411.

Substantial evidence is that which is of sufficient force and character that it

will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Haynes v. State,* 346 Ark. 388, 58 S.W.3d 336 (2001). Here, appellant expressly argued below that, although his action could have been found to be in ₃violation of the law, it was not robbery because the property taken was his own. Viewing the evidence in the light most favorable to the State, the only evidence of ownership in this case consisted of the victim's admission that he "owed" appellant the money, a term that embraces a variety of legal relationships ranging from installment payments for debt to restitution for stolen property. In effect, the victim in this case conceded that appellant had a right to the money without asserting any right of his own. In light of this admission, and because there was no testimony that appellant loaned or even knowingly surrendered the two dollars to the victim, we hold that there is no substantial evidence that appellant threatened violence in order to obtain "the property of another."

Reversed and dismissed.

MARSHALL and HENRY, JJ., agree.