Cite as 2026 Ark. App. 174

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-25-312

|  |  |  |
|---|---|---|
| | | Opinion Delivered March 11, 2026 |
| JEARL SHANE GRIFFIN | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-23-413] |
| V. | | |
| | | HONORABLE RALPH C. OHM, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## CINDY GRACE THYER, Judge

Appellant Jearl Shane Griffin was convicted by a Garland County jury of theft by receiving property and was sentenced to five years' probation and fined $7,000. On appeal, Griffin challenges the sufficiency of the evidence supporting his conviction. We affirm.

In April 2023, Entergy was in the process of removing and replacing its underperforming distribution lines near Hot Springs, Arkansas. This work was being performed by Irby Construction Company (Irby). To facilitate this project, Entergy purchased copper wire and provided it to Irby for use in the project. Irby, per its contract, stored the copper wire in a locked Conex box until needed. The replaced wire and any unused wire were then returned to Entergy for salvage.

On April 13, 2023, an Irby employee discovered some of the copper wire from the Entergy project had been stolen out of one of the Conex containers overnight. Irby contacted law enforcement, who began investigating the theft.

As part of the investigation, Garland County Sheriff's Deputy Thomas Fox[1] visited the storage site. He found that someone had cut the lock off one of the Conex containers and had stolen various sizes of copper wire, including approximately one thousand feet of 500 MCM copper wire.

Law enforcement officers, including Fox, revisited the Irby storage site later that evening to see if the person responsible for the theft would return. In the early-morning hours of April 14, a pickup truck pulled into the lot, turned off its lights, and drove toward the Conex boxes. Griffin and an unidentified male were in the vehicle. When questioned by officers, they said that they were supposed to meet up with some girls there. The officers waited, and when the girls did not show, the two men were arrested for criminal trespass.

Continuing with the investigation, Investigator Charlie Mowery with the Garland County Sheriff's Office utilized a program called LEADS Online[2] to determine whether any copper wire had recently been sold to area salvage yards or pawn shops. Knowing that Griffin had been arrested at the property for criminal trespass, Mowery searched the database for

---

[1]Fox had been promoted to corporal by the time of trial.

[2]LEADS Online is a searchable database in which all pawn shops and scrapyards input information regarding what has been sold or pawned and by whom.

Griffin's name. He discovered that Griffin had sold 502 pounds of pristine 500 MCM copper wire to Cobb Recycling for $1,556.20 the afternoon of the theft. The estimated retail value of that amount of copper wire was approximately $8,774.45. His search did not turn up any other substantial quantities of copper wire. An Irby representative, Larry McGraw, confirmed that the wire sold to Cobb had been stolen from Irby.

Griffin later admitted to police that he had removed copper wire from the Irby storage site but claimed that he had removed it from the dumpster. A search of the dumpsters on the Irby site revealed only construction refuse and small one-to-two-inch pieces of copper wire. The Irby representative denied disposing of any 500 MCM wire.

Griffin was subsequently charged with theft by receiving over $5,000 but less than $25,000.

At trial, Investigator Mowery and Corporal Fox testified regarding their investigations into the theft of the copper wire as described above. Leigh Cobb, a co-owner at Cobb Recycling, testified regarding the purchase of copper wire from Griffin on April 13 and the entry of the information into the LEADS database. The LEADS form was introduced into evidence. It showed that, at approximately 12:53 p.m. on April 13, 2023, Cobb Recycling paid Griffin $1,556.20 for 502 pounds of copper wire. The State also introduced the Irby Construction Co. incident report of the theft[3] and an ACT 1193 certification signed by Griffin stating that he had acquired the scrap metal he sold to Cobb on April 12, 2023.

---

[3]The report reflected that, in addition to the reel of 500 MCM copper wire taken, twenty-five rolls of #6 soft-drawn copper, one roll of #6 hard-drawn copper, one roll of 2-7

Irby's in-house counsel, Alex Guidry, testified regarding the nature of the contract between Irby and Entergy, that Entergy was responsible for purchasing the copper wire, and that the wire was locked in the Conex box per the contract. He stated that wire was never thrown away; instead, the old wire and any excess wire from the project was returned to Entergy for salvage. As for the theft, Guidry testified that an Irby employee discovered that the lock and latch on one of the Conex trailers had been cut and that copper wire had been stolen. He asserted that one reel of 500 MCM wire is worth more than $20,000.

After hearing all the evidence, the jury convicted Griffin of theft by receiving. He was sentenced to five years' probation and fined $7,000. He filed a timely notice of appeal.

On appeal, Griffin argues that there was insufficient evidence to support his conviction. More specifically, he argues that the State failed to prove that the wire was stolen because the owner of the wire, Entergy, was not called to testify that the wire had been stolen or that no one had permission to remove the wire from the property. We disagree that the State was required to call an Entergy representative to testify.

Pursuant to Arkansas Code Annotated section 5-36-106(a) (Repl. 2013), "[a] person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person: (1) [k]nowing that the property was stolen; or (2) [h]aving good reason to believe the property was stolen." Property of another person is defined as "any

---

strand copper, and one roll of Hendrix cable were missing from the Conex box. Two photos of the broken lock and latch were attached to the report.

property in which any person . . . other than the actor has a possessory or proprietary interest." Ark. Code Ann. § 5-36-101(16)(A) (Supp. 2023).

Here, Alex Guidry, Irby's in-house counsel, testified that Irby was the subcontractor on the Entergy rewiring project. He stated that Entergy purchased the wire for the project and provided it to Irby for use in the project. He further testified that, while the project was ongoing, the wire was stored in Irby's locked Conex containers per their agreement with Entergy. Any old or unused wire was returned to Entergy for salvage. Guidry testified that on the date in question, the lock and latch on one of Irby's Conex boxes was cut, and Entergy's wire was taken from the container. Irby employees reported the wire stolen.

This evidence is sufficient to support a conviction for theft by receiving. While Entergy was the owner of the wire, it provided the wire to Irby for use in the rewiring project, and the wire was stored in Irby's Conex containers at the time of the theft. Thus, at the time the wire was stolen, Irby had a possessory interest in it. *See Phillips v. State*, 297 Ark. 368, 761 S.W.2d 933 (1988) (holding theft victim had a proprietary interest in her own money, and a possessory interest in money she was holding as treasurer for her church). As such, the testimony from Irby's representative that the locks on the container had been cut and the wire stolen was sufficient to support the conviction.

For these reasons, we affirm.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

5

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.