*See also,* 2008 WL 2133100, 2008 WL 5101524.

2010 Ark. 152

**Joseph POLIVKA, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–431.**

Supreme Court of Arkansas.

April 1, 2010.

Pro se appellant.

Dustin McDaniel, Att'y Gen., by: Leaann J. Irvin, Ass't Att'y Gen., for appellee.

RONALD L. SHEFFIELD, Justice.

On July 27, 2006, Appellant Joseph Polivka entered an unconditional plea of guilty to two counts of criminal attempt to commit murder in the first degree and one count of possession of a firearm by certain persons. Appellant requested that he be sentenced by a jury, pursuant to Ark.Code Ann. § 16–97–101(6) (1987). After the sentencing proceeding held on August 1, 2006, the jury sentenced Appellant to thirty years' imprisonment in the Arkansas Department of Correction for each count of attempted murder, and five years' imprisonment in the Arkansas Department of Correction for possession of a firearm. The two counts of attempted murder were subject to the felony-firearm sentencing enhancement under Ark.Code Ann. § 16–90–120 (1987), and the jury sentenced Appellant to an additional fifteen years for each count. The circuit court ordered all sentences to be served consecutively, for a cumulative sentence of ninety-five years' imprisonment.

Appellant filed a timely notice of appeal on August 22, 2006. He maintained that his fifteen-year felony-firearm sentencing enhancement for each count of attempted murder was unjust and excessive under Ark.Code Ann. § 16–90–120, because the enhancement effectively resulted in a life sentence. He also argued that he should have been credited for meritorious good time, particularly when the following statute, Ark.Code Ann. § 16–90–121, which allows for such credit. The Arkansas Court of Appeals found that Appellant did not object to the length of the sentences he received at the trial level, and therefore he was barred from appealing them. Also,

Appellant's counsel had discussed the possibility of Appellant receiving good time credit with the judge before jury voir dire at the sentencing hearing. Finally, the court of appeals held that Appellant's sentences were in fact not excessive, since the statute expressly permitted a defendant to receive a fifteen-year enhancement for each count. Section 16–90–120 has no provision for crediting meritorious good time, and it is the sole purview of the state legislature, not the court, to introduce such a provision. *Polivka v. State*, CR 06–1337, 2007 WL 2660247 (Ark.App. Sept. 12, 2007) (unpublished).

Then, on November 7, 2007, Appellant timely filed in the circuit court this verified pro se petition for postconviction relief pursuant to Ark. R.Crim. P. 37.1 (2007). Appellant alleged that he was denied effective assistance of counsel and due process, based on the following points of error: (1) the trial counsel failed to object to a jury instruction relating to parole eligibility, when Appellant would be ineligible for parole pursuant to Ark.Code Ann. § 16–93–609; (2) the trial counsel failed to object to the prosecutor's erroneous statement to the jury that Appellant would likely be released from prison early due to overcrowding; (3) the trial counsel failed to object to the prosecutor's inflammatory statement to the jury that the jury should not believe "one ioda [sic] of what petitioner has told you"; (4) the trial counsel failed to investigate, discover, and present mitigating evidence regarding the effect of prescribed drugs on Appellant's mental state at the time of the crime; (5) the trial court failed to follow Ark. R.Crim. P. 24.4 and 24.6 in accepting Appellant's guilty plea, in that the court failed to ensure that Appellant understood the mandatory minimum and maximum sentences he could receive; (6) the trial counsel failed to adequately prepare for trial, in that he did not visit Appellant frequently enough, or sufficiently discuss the case with Appellant; (7) the trial counsel failed to object to Appellant's sentences on the grounds that they were excessive, and failed to seek leniency and concurrent sentences from the court; and (8) the trial counsel failed to object to the application of the felony-firearm enhancement, Ark.Code Ann. § 16–90–120, which is in conflict with Ark.Code Ann. § 5–6–104.

On February 21, 2008, the circuit court entered an order denying Appellant's petition without a hearing. The court found that the following claims of ineffective assistance of counsel, as alleged by Appellant, did not provide grounds for Rule 37 relief: (1) the trial counsel's failure to object to sentencing jury instructions; (2) the trial counsel's failure to object to the State's sentencing arguments; (3) the trial counsel's failure to present mitigating evidence regarding Appellant's mental health and use of prescription medication; (4) the trial counsel's failure to object to the circuit court's sentencing procedures; (5) the trial counsel's failure to visit with Appellant sufficiently to prepare for trial; and (6) the trial counsel's failure to object to sentences imposed. The court held that the petition, files, and records of the case conclusively showed that Appellant was not entitled to relief. On March 17, 2008, Appellant filed a timely notice of appeal.

Appellant alleges several points on appeal. He maintains that he was denied effective assistance of counsel because his trial counsel (1) failed to prepare adequately for trial; (2) failed to raise the issue of the felony-firearm enhancement; (3) failed to ensure that the court followed Ark. R.Crim. P. 24.4, 24.6 and 24.7; (4) failed to object to a jury instruction on parole and good-time-transfer eligibility; (5) failed to object to the prosecutor's closing comments to the jury; and (6) failed to present mitigating evidence during sen-

tencing. Appellant further asserts that the circuit court erred in dismissing his claims without reviewing the record or conducting an evidentiary hearing.

■■■ This court will not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). In the context of review of a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, we look to whether the circuit court clearly erred based on the totality of the evidence. *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007). In this case, we find no error and affirm the decision of the circuit court.

As an initial matter, we must address whether Appellant may assert all of his allegations on appeal. Appellant advances several claims of ineffective assistance of counsel, some of which stem from errors alleged as part of his plea of guilty and some of which stem from errors alleged to have occurred during the subsequent sentencing proceeding. We have frequently held that "on appeal from the denial of a Rule 37 petition following pleas of guilty there are only two issues for review—one, whether the plea of guilty was intelligently and voluntarily entered, two, were the pleas made on the advice of competent counsel." *Branham v. State*, 292 Ark. 355, 356, 730 S.W.2d 226, 227 (1987). This rule would seemingly prevent Appellant from arguing any of his claims regarding his counsel's effectiveness during the sentencing hearing.

■■■ However, Appellant was sentenced under the Arkansas bifurcated-sentencing statute, Ark.Code Ann. § 16–97–101. We

have addressed at length the unique scenario that bifurcation affords in the context of direct appeals:

> Under the bifurcation structure, a criminal trial is split into separate and distinct stages, the first of which involves the finding of guilt or innocence. In the event of a finding of guilt, further proceedings are held in which evidence may be presented prior to the setting of sentence.... Thus, it is obvious that this new procedure differs considerably from the prior conduct of trials where the jury assessed both guilt and sentence during one proceeding.

*Hill v. State*, 318 Ark. 408, 412, 887 S.W.2d 275, 277 (1994). As a result, "sentencing is now, in essence, a trial in and of itself, in which new evidence may be submitted." *Id.* at 413, 887 S.W.2d at 277. In *Hill*, we held that the defendant could appeal the circuit court's decision to admit certain evidence before the jury during the sentencing phase of the trial, since "the acceptance of this appeal from a plea of guilty does not compromise our rule, for it does not constitute a review of the plea itself. Rather, it provides for a review of nonjurisdictional issues, such as the admission of testimony and evidence authorized by this new statute, which arose during the penalty phase of the trial subsequent to the entry of Hill's guilty plea." *Id.* However, we noted that our opinion in *Hill* applied only to appeals of nonjurisdictional issues, and the court would not "review the imposition of sentence simply where the defendant maintains his sentence is excessive, when in fact his sentence is within the range prescribed by statute for the offense in question." *Id.* at 413–14, 887 S.W.2d at 278.

This court extended its discussion of appeals of guilty pleas in *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), wherein we held that the defendant could appeal

the circuit court's sua sponte resentencing after the defendant had pled guilty and had been sentenced already. We affirmed the holding of *Hill*, that because "sentencing was now a separate proceeding held subsequent to the guilty plea ... errors that occurred in the sentencing proceeding itself could be appealed." *Id.* at 400, 94 S.W.3d at 908.

Finally, and most importantly, in *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002), the defendant alleged eight points of error that occurred during the sentencing phase of his trial. Though he did not raise a contemporaneous objection on any of the points at trial, the defendant maintained that he could bring his appeal under one of the four exceptions to the contemporaneous-objection rule, as laid out in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). As part of our rejection of this argument, we indicated that the proper route for challenging convictions as violative of fundamental rights was through a postconviction challenge pursuant to Rule 37. What is more, in addressing specifically the error that the defendant's trial counsel failed to object to a statement made by the prosecutor during sentencing, we said "if the error is predicated on counsel's failure to object, then it is the kind of error that should be addressed in a Rule 37 proceeding, not in a direct appeal where the issue is admittedly not preserved for appeal." *Buckley*, 349 Ark. at 69, 76 S.W.3d at 835; *see also Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003).

▇▇▇ This language, as well as our discussion of the nature of sentencing proceedings in a bifurcated system, confirms that defendants may seek relief—and, indeed, as indicated, sometimes it is their only option—pursuant to Rule 37.1, for errors that occurred during a sentencing hearing subsequent to a guilty plea. Such errors would include any violation of the guarantee of effective assistance of counsel during the sentencing phase of a criminal trial. *Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002). The limitation that Rule 37 petitions subsequent to guilty pleas may only address whether the guilty plea was intelligently and voluntarily entered upon the advice of competent counsel is meant purely to restrict the ability of a defendant to directly attack a guilty plea. No such concern exists when the defendant alleges errors that occurred in sentencing subsequent to the entry of the guilty plea.

## I. Ineffective Assistance of Counsel

▇▇▇ The essence of Appellant's argument is that he was denied effective assistance of counsel because his counsel failed to prevent or mitigate errors that occurred during his guilty plea and the subsequent sentencing hearing. We assess the effectiveness of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant making an ineffective assistance of counsel claim must show that his or her counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense.[1] Judicial review of a defense counsel's performance must be highly deferential, and a strong presumption exists that counsel's conduct falls within a wide range of reasonable professional assistance. *Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997). In order to prove an ineffective

---

1. At one point in his brief, Appellant asserts that this court should adopt the " 'reasonably competent' attorney standard" for review of ineffective assistance of counsel claims. Since Appellant neither raised this argument below, nor provides any support for this argument now, we will not address it on appeal. *McWhorter v. McWhorter*, 2009 Ark. 458, 344 S.W.3d 64; *Hester v. State*, 362 Ark. 373, 208 S.W.3d 747 (2005).

assistance of counsel claim, the defendant must make allegations substantiated with factual support; the allegations may not be conclusory. *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988). Also, where, as in the case before us, a defendant alleges several errors amounting to ineffective assistance of counsel, at least one error standing alone must meet the standard of *Strickland* for the defendant to be successful; we do not recognize an ineffective assistance of counsel claim based purely on the cumulative effect of counsel's errors. *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999). Finally, in order for a defendant to show he or she was specifically prejudiced by counsel's deficient assistance prior to the entry of the defendant's guilty plea, the defendant must show a reasonable probability exists that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999).

## A. Trial Counsel's Inadequate Preparation for Trial

██ Appellant argues that his trial counsel failed to prepare for his trial and to visit him in order to discuss the case and his defense. He points out that his counsel only visited him twice during the twenty-three months he was incarcerated prior to trial, and he wrote several letters to the circuit court complaining about his counsel's performance. Since this issue rests on allegations that Appellant's counsel was ineffective prior to Appellant's entry of his guilty plea, it is subject to the limitation, discussed above, that Rule 37 petitions following appeals of guilty pleas may only challenge whether the plea of guilty was intelligently and voluntarily entered and whether the plea was made on the advice of competent counsel. Nowhere does Appellant allege that, but for counsel's failure to prepare for trial, he would not have pled guilty; thus he is procedurally barred from making any arguments regarding his counsel's preparation for trial.

In addition, there is no merit to Appellant's argument. During the plea colloquy, the court specifically asked Appellant whether he was satisfied with the advice and representation of his counsel, and Appellant answered in the affirmative. We have held that a defendant cannot claim ineffective assistance of counsel in a Rule 37 petition where the defendant failed to indicate that he or she was dissatisfied with counsel when the court gave the defendant the opportunity to do so. *Douthitt v. State*, 283 Ark. 177, 671 S.W.2d 746 (1984). Finally, Appellant has failed to point to any errors in counsel's conduct that would rise to the level of ineffective assistance. We have held that general assertions that counsel did not meet with the defendant often enough, or did not prepare for trial aggressively enough, do not provide sufficient grounds for an ineffective assistance of counsel claim. *Furr v. State*, 297 Ark. 233, 761 S.W.2d 160 (1988). Appellant fails to establish that he did not receive effective assistance of counsel on this point.

## B. Trial Counsel's Failure to Raise Issues Surrounding the Use of the Felony–Firearm Enhancement

██ Appellant argues that his counsel should have objected to the application of the felony-firearm enhancement because the statute pursuant to which he received the enhancement, Ark.Code Ann. § 16–90–120, conflicts with Ark.Code Ann. § 5–4–104, because of the latter statute's provision that "no defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." Because of this conflict, Appellant maintains, Appel-

lant's sentence enhancement was illegally imposed.

■ Contrary to Appellant's argument, no conflict exists between Ark.Code Ann. § 16–90–120 and Ark.Code Ann. § 5–4–104 (Repl.1997). We have already held that the two statutes can be read harmoniously:

> Section 5–4–104(a) can be viewed as referring only to the initial sentence imposed based on the crime for which the defendant was convicted, and § 16–90–120(a)–(b) can be read as referring only to a sentence enhancement that may be added to the initial sentence.

Looking at the clear language of § 16–90–120(a)–(b), we observe that the legislature intended the statute to serve as an enhancement of the original sentence for the convicted crime, as the statute itself says that the sentence enhancement is an "*additional* period of confinement." Ark.Code Ann. § 16–90–120(a) (emphasis added). We further note that when § 5–4–104(a) was enacted in 1975, the legislature did not choose to repeal or overrule § 16–90–120(a)–(b). This is important, since in *Johnson v. State, supra,* we have noted that when presented with the challenge of construing criminal statutes that were enacted at different times, the court presumes "that when the general assembly passed the later act, it was well aware of the prior act." 331 Ark. [421,] at 425, 961 S.W.2d [764,] at 766 [ (1998) ] (holding that the Arkansas Criminal Code and the gambling-house statute can be read in harmony where one defines the term of imprisonment and the other allows the court to impose suspension or probation).

We hold that § 5–4–104(a) and § 16–90–120(a)–(b) can be read harmoniously to mean that § 16–90–120(a)–(b) is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense.

*Williams v. State,* 364 Ark. 203, 208–09, 217 S.W.3d 817, 820 (2005). Because Appellant's sentence was legally enhanced, any objection that his trial counsel might have made on those grounds would have been meritless. Failure to make a meritless objection does not constitute ineffective assistance of counsel. *Jackson v. State,* 352 Ark. 359, 105 S.W.3d 352 (2003).

Appellant also maintains that his attorney did not inform him about the possibility of receiving an enhanced sentence, thereby denying appellant effective assistance of counsel. This argument is also meritless because it is clear from the trial record, and particularly the plea colloquy, that Appellant was aware of the possibility of receiving a felony-firearm enhancement.

C. Trial Counsel's Failure to Ensure That the Circuit Court Followed Arkansas Rules of Criminal Procedure 24.4, 24.6 and 24.7 (2007) [2]

■ Appellant argues that the trial court violated Rule 24.4, which requires that a court not accept a plea of guilty from a defendant without first addressing the defendant personally in regards to

(a) the nature of the charge;

(b) the mandatory minimum sentence, if any, on the charge;

(c) the maximum possible sentence on the charge, including that possible from consecutive sentences;

2. Appellant did not argue that the trial court failed to follow Ark. R.Crim. P. 24.7 below, so his argument in regards to that rule is not

preserved for appeal. *McWhorter v. McWhorter,* 2009 Ark. 458, 344 S.W.3d 64.

(d) that if the offense charged is one for which a different or additional punishment is authorized because the defendant has previously been convicted of an offense or offenses one (1) or more times, the previous conviction or convictions may be established after the entry of his plea in the present action, thereby subjecting him to such different or additional punishment; and

(e) that if he pleads guilty or nolo contendere he waives his right to a trial by jury and the right to be confronted with the witnesses against him, except in capital cases where the death penalty is sought.

Ark. R.Crim. P. 24.4. He also maintains that the trial court violated Rule 24.6, which states that the "court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea." Ark. R.Crim. P. 24.6. Specifically, Appellant alleges that the court did not inquire of the Appellant whether he was in fact guilty, and his counsel did not provide adequate assistance to ensure that Appellant's guilty plea was properly taken.

As discussed above, when a defendant seeks postconviction relief from a guilty plea, the defendant may only challenge whether the plea of guilty was intelligently and voluntarily entered and whether the plea was made on the advice of competent counsel. In regards to the requirements of Rule 24.4, we have held,

> Compliance with Rule 24.4 is mandatory, but substantial compliance is sufficient. *Peterson v. State,* 296 Ark. [324,] at 326, 756 S.W.2d [897,] at 898 [ (1988) ]. The polestar when a guilty plea is challenged is to determine whether the plea was made intelligently and voluntarily. *Id.* .... Unless the plea was not intelligently and voluntarily entered as a result,

failure to comply with Rule 24.4 is not such fundamental error so as to void the judgment and is not cognizable in a postconviction-relief proceeding. Postconviction relief under Ark. R.Crim. P. 37.1 is not available on issues which could have been raised in the trial court before sentencing, but were not, unless the issues are so fundamental as to render the judgment void. *Madewell v. State,* 290 Ark. 580, 720 S.W.2d 913 (1986).

*Pardue v. State,* 363 Ark. 567, 575, 215 S.W.3d 650, 657 (2005). Appellant does not allege that, because of the errors that he maintains occurred during the guilty plea colloquy, he did not enter the guilty plea intelligently and voluntarily.

Finally, an examination of the trial transcript reveals that the trial court did in fact substantially comply with the requirements of Rules 24.4 and 24.6, so Appellant's counsel would have lacked any grounds to object. Appellant fails to establish that he did not receive effective assistance of counsel on this point.

**D. Trial Counsel's Failure to Object to the Jury Instruction on Parole and Good–Time Transfer Eligibility**

■ Appellant maintains that he was deprived of effective assistance of counsel when his attorney failed to insist that the circuit court instruct the jury that he would be ineligible for parole under Ark. Code Ann. § 16–93–609(b) (Supp.2001), which states,

(1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.

(2) For purposes of this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in § 5–4–501(d)(2).[3]

Appellant maintains that the jury was required to receive such an instruction under Ark.Code Ann. § 16–97–103, which states, in pertinent part, that evidence relevant to sentencing by either the court or a jury may include, but is not limited to "the law applicable to parole, meritorious good time, or transfer." Ark.Code Ann. § 16–97–103(1) (Supp.2003). Appellant also makes the contradictory argument that the court may not inform the jury about the possibility of parole because parole is a matter for the executive and legislative branches. Further, Appellant maintains that if he had known that he would not be eligible for parole, he would not have pled guilty.

 Appellant fails to cite any authority or make a convincing argument that his trial attorney had a duty to object to the jury instructions made by the court. It is in fact not a violation of the doctrine of separation of powers for a court to instruct the jury on parole and transfer eligibility. *Teague v. State,* 328 Ark. 724, 946 S.W.2d 670 (1997). We will not entertain arguments unsupported by any legal authority. *Weatherford v. State,* 352 Ark. 324, 101 S.W.3d 227 (2003). What is more, we have repeatedly held that "a petitioner under Rule 37 may not collaterally attack the voluntary character of a guilty plea merely by demonstrating that some advice as to parole eligibility is erroneous. We said the issue was whether counsel's advice was competent, taking into account the inherent uncertainty in advising a defendant about pleading guilty." *Brown v. State,* 291 Ark. 393, 395, 725 S.W.2d 544, 546 (1987). Defense attorneys are not required to inform their clients about parole eligibility. *Haywood v. State,* 288 Ark. 266, 704 S.W.2d 168 (1986). Appellant does not assert that the reason he pled guilty was because of the possibility of parole, nor does he assert that he was uninformed about the potential length of sentence he could receive. The conduct of Appellant's attorney did not rise to the level of ineffective assistance.

## E. Trial Counsel's Failure to Object to Prosecution's Prejudicial Comment to the Jury

 Appellant maintains that in closing statements during the sentencing trial before the jury, the prosecutor made an argument outside the record that prejudiced Appellant by inflaming the passion of the jury and affecting the outcome of the trial. Specifically, Appellant alleges that the prosecutor told the jury that "they should not believe one ioda [sic], of what he told you." Appellant's attorney did not object to this statement at the time it was made, thereby, Appellant argues, providing ineffective assistance to Appellant.

 We can find no instance in the trial transcript when the prosecutor made such a statement. There is only one instance when the prosecutor ever uttered the word "iota," and his statement was in reference to Appellant's failure to make "one iota of apology" to one of his victims. In addition, Appellant failed to abstract any of the closing arguments. Thus, the record and Appellant's abstract fail to show that the statement which Appellant objects to was ever made. We will not consider evidence not included in the record on appeal when the party asserting error fails to satisfy his or her burden of producing a record sufficient to demonstrate prejudicial error. *Smith v. State,* 343 Ark. 552, 39 S.W.3d 739 (2001).

---

**3.** Appellant had previously been convicted of battery in the first degree in 1977.

■ What is more, though we generally require appellants to file a substituted addendum or abstract to cure any deficiencies, pursuant to Ark. Sup.Ct. R. 4–2(b) (2009), we will decline to do so where it is clear that the appellant would not prevail even with the deficiencies cured. *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006). Even if the prosecutor had made the statement alleged by Appellant, the failure of the defense counsel to object does not rise to the level of ineffective assistance. In regards to objections, we have held as follows:

> This court has noted that experienced advocates might differ about when, or if, objections are called for since, as a matter of trial strategy, further objections from counsel may have succeeded in making the prosecutor's comments seem more significant to the jury. Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object ⌊17 during closing argument and opening statement is within the wide range of permissible professional legal conduct.

*Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006) (citations omitted). The prosecutor's comment, whatever it may have been, does not rise to the level of an egregious misstatement. Appellant fails to establish that he did not receive effective assistance of counsel on this point.

### F. Trial Counsel's Failure to Present Any Mitigating Evidence at the Sentencing Phase of the Trial

■ Appellant argues that his trial counsel failed to investigate, discover, or present to the jury mitigating evidence regarding how Appellant's mental health had been affected by the prescription drugs he was taking at the time he committed the crime. As with many of Appellant's other points, he fails to cite any authority to support his argument that his counsel's alleged failure constitutes ineffective assistance. As discussed above, we will not consider arguments unsupported by legal authority. *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003). Additionally, while we have held that failure to present any mitigating testimony fails to pass constitutional muster, failure to present certain evidence is merely a matter of trial strategy when counsel has made a full investigation of the facts. *Lee v. State*, 2009 Ark. 255, 308 S.W.3d 596. In a hearing on July 24, 2006, Appellant's attorney told the court that he had considered presenting a defense based on the fact that Appellant was taking Ambien, but his investigations had failed to reveal any evidence in support of such an ⌊18 argument. Appellant received a forensic evaluation on November 3, 2005, that revealed he was not suffering from any mental disease or defect at the time of the offense. Appellant's attorney also introduced evidence before the jury that Appellant was taking prescription OxyContin, Ambien, Celebrex, Welbutrin, Clonopin, and Flexoril because of injuries he received while serving in the military. In closing statements, his counsel suggested that the medication Appellant was on somehow led him to have a violent reaction the night of the crime. It is clear that Appellant's counsel presented to the jury as much mitigating evidence on this issue as was available. Therefore, Appellant was not deprived effective assistance of counsel.

### G. Trial Counsel's Failure to Object to the Excessiveness of Appellant's Sentence and to Seek Leniency

■ Finally, Appellant asserts that he was denied effective assistance of counsel because his trial attorney failed to object to the sentences Appellant received as excessive, and failed to seek leniency from

the court by requesting that Appellant receive concurrent sentences. As Appellant has, again, failed to develop or provide support for this argument on appeal, we refuse to address it now. *Hester v. State*, 362 Ark. 373, 208 S.W.3d 747 (2005).

II. *The Circuit Court's Dismissal of Appellant's Claims Without Reviewing the Record or Conducting an Evidentiary Hearing*

In addition to the above allegations regarding ineffective assistance of counsel, Appellant contends that, based on all the claims he made in his petition, the circuit court erred in denying his petition without first holding an evidentiary hearing. The circuit court need not hold a hearing on a Rule 37 petition when "the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief." Ark. R.Crim. P. 37.3(a). However, the trial court must "make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." *Id.* In the case before us, the circuit court made only general findings, and did not specify any parts of the record which it relied on. Such failure constitutes reversible error, unless the record before this court conclusively shows that the petition is without merit. *Carter v. State*, 342 Ark. 535, 29 S.W.3d 716 (2000).

We hold that the allegations in Appellant's petition are such that it is conclusive on the face of the petition that no relief is warranted. As discussed at length above, many of Appellant's arguments are unsupported by evidence or authority, while the rest of his arguments are entirely without merit. Therefore, we affirm the circuit court's denial of relief.

Affirmed.