SLIP OPINION



Cite as 2014 Ark. 446

# SUPREME COURT OF ARKANSAS

No. CR–13–951

| | |
|---|---|
| SHARVELT MARQUETTE MISTER **APPELLANT** | **Opinion Delivered** October 30, 2014 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR–10–1320] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE JAMES O. COX, JUDGE |
| | AFFIRMED. |

**CLIFF HOOFMAN, Associate Justice**

Appellant Sharvelt Marquette Mister appeals from the circuit court's denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. He argues on appeal that his trial counsel was ineffective for (1) failing to effectively communicate and inform him of a global plea offer; (2) failing to make a proper *Batson* challenge; (3) failing to pursue a motion to be relieved as counsel; and (4) not being adequately prepared for trial. We have jurisdiction of this appeal pursuant to Rule 37 and Arkansas Supreme Court Rule 1–2(a)(8) (2013). We affirm.

On August 17, 2011, Mister was convicted by a Sebastian County jury of delivery of cocaine, a class Y felony, for which he was sentenced by the circuit court to twenty-five years' imprisonment and a suspended sentence of twenty-five years. Mister appealed his conviction, arguing that the circuit court erred in denying his challenge pursuant to *Batson v. Kentucky*,

476 U.S. 79 (1986), based on the State's dismissal of two potential jurors—both African American. On January 30, 2013, the Arkansas Court of Appeals affirmed the judgment in *Mister v. State*, 2013 Ark. App. 49, finding that the State had given racially neutral reasons for striking the jurors, which were not rebutted by Mister, and that the circuit court's denial of Mister's *Batson* challenge was not clearly erroneous. The court of appeals noted that the circuit court had also found that the *Batson* challenges were untimely and agreed with Mister that this was erroneous; however, because the circuit court had nonetheless proceeded to have the State supply its reasons for striking the jurors and had ruled on the issue, the court of appeals addressed the merits of the *Batson* argument and affirmed Mister's conviction. *Id.*

Mister filed a timely Rule 37.1 petition on April 19, 2013, alleging that his trial counsel was ineffective by (1) not adequately informing him of a global plea offer; (2) not making a proper *Batson* challenge; (3) raising his prior convictions during trial; (4) not pursuing a motion to be relieved as counsel; and (5) not being adequately prepared for trial. A hearing was held on Mister's petition, at which Mister testified that he and his trial counsel, Naif Khoury, had a "bumpy" relationship. While Mister testified that Khoury had communicated to him global plea offers of thirty years and twenty-five years, which would have covered this case, as well as other related cases, Mister claimed that he did not understand the offers or how the State had calculated his total potential "exposure" of 117 years. Mister testified that he did not necessarily reject the offers but needed his counsel to better explain the calculations to him. Mister stated that there was also an offer of twenty-three years by the State of which he had not been aware and that he had told Khoury he

wanted to take a twenty-year plea offer. Mister testified that he thought he had come to court to agree to the twenty-year plea but instead ended up going through the trial and being convicted. He stated that he had requested that Khoury be removed from his case and that Khoury had filed a motion to be relieved in his revocation case, but it had been denied by the circuit court.

Mister testified that Khoury had obtained co-counsel, Mosie Boyd, but that Mister first met her only a few days before the trial. Mister stated that he had signed a note indicating his agreement to have Boyd represent him and to admit his guilt to the delivery charge in the hope that he would avoid a life sentence. He also agreed that he was informed by his counsel that the jury would learn of his prior convictions and sentences during his testimony. However, Mister claimed that he was not adequately prepared by counsel regarding what questions would be asked of him.

With regard to the global plea offer, while Khoury agreed with Mister that he had been ineffective in his attempts to have Mister fully understand and appreciate the ramifications of the plea, Khoury also testified that he and Mister were of the opinion that the State's informant was "less than credible" and that Mister had "adopted the stance that he would refuse a global offer because both he and I thought it was a type of prosecutorial extortion and that he would go to trial." Khoury testified that he had communicated to the State that Mister would agree to a twenty-year plea but that the State had refused and had never actually made that particular plea offer. According to Khoury, he had increasing difficulties communicating with Mister and therefore had obtained the assistance of co-

3

counsel, Boyd. Khoury indicated that their strategy had been to seek mercy from the jury in order to avoid a life sentence and that this strategy had worked because the jury deadlocked and was unable to agree on a sentence.

Boyd testified that she was hired as co-counsel less than one week before trial but that she had discussed Mister's case with Khoury prior to that time. She testified that she had also participated as co-counsel in Mister's trial in a separate case the week before the trial in this case. Boyd stated that this was her first time to serve as lead counsel but that she felt she was adequately prepared under the circumstances. With regard to the *Batson* challenge, Boyd agreed that the circuit court had erred in finding it untimely and that she had not presented any follow-up argument to the State's race-neutral reasons, but she also testified that she had no idea what follow-up argument she could have offered, even with additional time to prepare. Boyd agreed that their strategy in this case was to appeal to the mercy of the jurors and to avoid a life sentence and that Mister had elected to pursue this particular strategy. She admitted that she was disappointed with some of Mister's answers to questions during his testimony, which she indicated were unexpected and then allowed the State to admit evidence of his prior convictions.

Following the hearing, the circuit court denied Mister's Rule 37 petition. The court found that Mister's claim regarding the global plea offer had previously been litigated and ruled upon in a postconviction proceeding in his revocation case, as evidenced by the circuit court's findings of fact in the prior case that were introduced into evidence by the State at the hearing. Thus, the circuit court found that Mister was precluded from re-litigating this

particular claim. The court further found that the only "true factual allegation" made by Mister in his petition was his allegation that defense counsel presented no viable defense to the charge against him. However, the court ruled that the decision to admit guilt and seek mercy from the jury was a strategic and tactical decision of counsel, made with Mister's explicit knowledge and approval. The court also noted that the jury's inability to reach a unanimous verdict on a sentence showed that counsels' strategy was effective and that Mister had failed to prove ineffective assistance of counsel or prejudice with regard to this allegation. An order to this effect was entered on September 4, 2013, and Mister timely appealed from the circuit court's denial of postconviction relief.

A circuit court's denial of a Rule 37 petition will not be reversed unless the court's findings are clearly erroneous. *Lockhart v. State*, 2011 Ark. 461. In an appeal from a denial of postconviction relief based on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Lockhart*, 2011 Ark. 461, at 2. Under the *Strickland* test, the petitioner must show that counsel's performance was deficient and also that counsel's deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___. With respect to the prejudice requirement, a petitioner must demonstrate that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id*. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the

trial. *Id*. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of counsel that, when viewed from counsel's perspective at the time of trial, could not have been the result of professional judgment. *Id*. The burden is also entirely on appellant to provide facts affirmatively supporting the claims of prejudice. *Id*.

Although Mister raised five allegations of ineffective assistance of counsel in his petition to the circuit court, he fails to present any argument on appeal with regard to his claim that counsel was ineffective for allowing his prior convictions to be admitted during the trial. As the State contends, arguments not raised on appeal are deemed abandoned and will not be addressed. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

In addition, although he briefly asserts in one or two sentences that Boyd had less than one week to prepare for trial and that she admitted making mistakes, Mister fails to make any further argument on appeal with regard to the allegation in his petition that trial counsel failed to adequately prepare for trial, and he also fails to make any claim of prejudice with regard to this allegation. Conclusory allegations cannot be the basis for postconviction relief, and the burden is on appellant to provide facts to support his claims and to affirmatively prove prejudice. *Id*. Thus, the circuit court did not clearly err in denying relief on this claim.

Mister does argue on appeal, as he did in his Rule 37 petition, that counsel was ineffective for failing to adequately communicate to him and explain the global plea offers made by the State prior to his trial. However, the circuit court found that Mister was barred

from re-litigating this claim based on the findings of fact and conclusions of law entered by the circuit court in a previous postconviction proceeding in a separate case. The order containing these findings and conclusions by the previous circuit court was admitted into evidence in this case and stated that the decision to reject the global plea offer was a matter of "trial tactics and strategy" and was "supported by reasonable professional judgment, which cannot form a proper basis for relief under Rule 37.1."

The concept of res judicata has two facets, issue preclusion and claim preclusion. *Mason v. State*, 361 Ark. 357, 206 S.W.3d 869 (2005). Under the doctrine of issue preclusion, a decision by a court of competent jurisdiction on matters which were at issue, and which were directly and necessarily adjudicated, bars any further litigation on those issues by the plaintiff or his privies against the defendant or his privies on the same issue. *Id.* Furthermore, we have held that this doctrine applies in criminal cases as well as civil proceedings, and when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Id.*

Mister fails to offer any argument on appeal with regard to the circuit court's basis for its ruling on this claim, which was that he was "precluded from re-litigating the strategic and tactical reasons for his rejection" of the global plea offers. Arguments unsupported by convincing argument or authority will not be addressed by this court on appeal. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Furthermore, as the circuit court noted in its ruling, the decision to reject the global plea offer in this case was a strategic and tactical one by Mister and his counsel, and we have repeatedly held that matters of trial strategy and tactics, even if

arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Springs*, *supra*. Thus, the circuit court did not clearly err in its finding with respect to this claim.

Mister also argues on appeal that Khoury was ineffective for failing to pursue a motion to withdraw that was denied by the circuit court and that Boyd was ineffective for failing to make a sufficient *Batson* challenge. However, the circuit court did not rule on these particular allegations in its order denying Mister's petition. It is petitioner's burden to obtain rulings on all ineffective-assistance claims, and the failure to obtain a ruling precludes appellate review of that claim. *Eastin v. State*, 2010 Ark. 275. Thus, Mister has failed to demonstrate that the circuit court clearly erred in denying his petition for postconviction relief, and we affirm.

Affirmed.

*Andrew Vess*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.