SLIP OPINION



Cite as 2015 Ark. 65

# SUPREME COURT OF ARKANSAS

No. CR-13-699

| | |
|---|---|
| FREDERICK YOUNG III<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 26, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CR2010-3936]<br><br>HONORABLE JAMES LEON JOHNSON, JUDGE<br><br><u>AFFIRMED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Frederick Young III appeals the order entered by the Pulaski County Circuit Court denying his petition for postconviction relief. For reversal, he contends that the circuit court erred in ruling that he knowingly and voluntarily entered his no-contest and guilty pleas and by finding that he did not receive ineffective assistance of counsel. We affirm.

As shown by a sentencing order dated June 4, 2012, appellant entered a negotiated plea of no contest to a charge of aggravated residential burglary and negotiated pleas of guilty to the offenses of aggravated assault and felon in possession of a firearm. As a consequence, he received concurrent sentences of thirteen years in prison to be followed by a two-year suspended imposition of sentence. The record also reflects that the State nolle prossed one count each of aggravated residential burglary and aggravated assault, as well as an allegation of committing a felony in the presence of a child. In addition, the State agreed to forgo



additional sentencing enhancements.

At the plea hearing, the circuit court directed appellant's attention to the plea statement appellant had executed. This document set out the range of sentences for the offenses and stated that appellant was facing a total sentence spanning from ten years in prison to life imprisonment. The plea statement also included a recitation of rights and contained appellant's acknowledgment that he understood the charges and the minimum and maximum possible sentences for the offenses; that he understood that, by pleading guilty and no contest, he was waiving the right to a jury trial and to an appeal; that he had discussed the case fully with his attorney and that he was satisfied with his services; and that his pleas had not been induced by any force, threat, or promises, apart from the plea agreement. As the factual basis for the pleas, the prosecutor stated that on October 9, 2010, appellant, who had accumulated four previous felony convictions, had remained unlawfully in the home of Dorothy Bomato and had fired a pistol into the bedroom of Bomato's daughter. Upon inquiry by the circuit court, appellant agreed that he fully understood his rights and that he "freely, knowingly, and voluntarily [pled] guilty to the offenses because I'm, in fact, guilty as charged." The circuit court accepted the pleas.

On August 31, 2012, appellant filed a timely, verified petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. In his petition, he alleged that he did not knowingly and voluntarily enter the pleas and that he received ineffective assistance of counsel in accepting the negotiated pleas. After a hearing, the circuit court issued a detailed order rejecting appellant's claims. This appeal followed.

SLIP OPINION

At the outset, we observe that, when a defendant pleads guilty, the only claims cognizable in Rule 37 proceedings are those which allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1; *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998). This court has adopted the rule for evaluating ineffective-assistance-of-counsel claims involving guilty pleas as articulated in *Hill v. Lockhart*, 474 U.S. 52 (1985). *See Haywood v. State*, 288 Ark. 266, 704 S.W.2d 168 (1986). In *Hill*, the Supreme Court held that the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies when a guilty plea is challenged based on ineffective assistance of counsel. Therefore, a defendant making an ineffective-assistance-of-counsel claim must show that his or her counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. In order for a defendant to show that he was specifically prejudiced by counsel's deficient assistance prior to, or during, the entry of the defendant's guilty plea, the defendant must show that a reasonable probability exists that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *Hill*, *supra*; *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999). The burden is entirely on the appellant to provide facts affirmatively supporting the claims of prejudice. *Mister v. State*, 2014 Ark. 446. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the appellant did the act charged. *Scott*, *supra*.

This court does not reverse the denial of postconviction relief unless the circuit court's

findings are clearly erroneous. *Golden v. State*, 2013 Ark. 144, 427 S.W.3d 11. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Decay v. State*, 2014 Ark. 387, 441 S.W.3d 899.

Appellant first argues that the circuit court erred in finding that he voluntarily and knowingly entered the pleas of no contest and guilty. His argument is that he felt pressured into pleading no contest and guilty due to the coercive atmosphere existing at the time he entered the pleas. In his testimony at the hearing, appellant maintained that his attorney did not communicate often enough with him and did not provide him with discovery materials until shortly before the plea hearing. Appellant also claimed that his counsel first informed him about the possible range of sentences in conversations that took place immediately prior to the plea hearing. He testified that, during this discussion, his counsel emphasized the potential for a life sentence; that his family members were upset to the point of crying; and that he felt "backed into a corner." Appellant summarized his sentiments by saying,

> This is my lawyer. He done got $7,000 of my money. Won't come see me. He ain't trying to fight for me. All he's talking about is a plea deal. What am I supposed to do, man?

In contrast to appellant's testimony, the record reflects that appellant signed a plea statement affirming that his pleas were not induced by threat, force, or promise, apart from the plea agreement. Appellant also stated in open court that he was freely, knowingly, and voluntarily entering his pleas. In its order denying appellant's petition, the circuit court recalled that appellant and his mother both testified at the hearing that counsel had told them

that he was willing to fight for appellant at trial. The court also gave credence to counsel's testimony that he conveyed the plea offer to appellant, that he discussed with appellant the option of accepting the offer or proceeding with trial, as well as the ramifications of accepting the offer or being found guilty at trial. Based on the record as a whole, the circuit court found that appellant wanted to accept the plea agreement and that he did so both knowingly and voluntarily. In making this finding, the circuit court also was persuaded by the fact that appellant had insisted on pleading no contest instead of guilty to the charge of aggravated residential burglary based on appellant's erroneous belief that his having been invited into the home made a difference.

Here, the circuit court concluded that appellant was not credible in his testimony that he would not have entered the pleas of no contest and guilty if he had not been pressured to do so. It is well settled that this court defers to the circuit court's determination on matters of credibility in a Rule 37 appeal. *White v. State*, 2013 Ark. 171, 426 S.W.3d 911. In deference to the circuit court's credibility determination, we are not able to say that the court's decision is clearly erroneous.

In the remaining issues, appellant asserts that he received ineffective assistance of counsel. First, appellant contends that counsel did not fulfill his duty to investigate the circumstances surrounding the charges. In support of this allegation, appellant presented at the hearing the testimony of Matilda Buchanen, a private investigator. Buchanen testified that she obtained the discovery materials provided by the prosecuting attorney. Based on her review of the prosecutor's file, Buchanen identified a number of issues that she believed

warranted further investigation. These matters included, among other things, missing pages from the prosecutor's file and witness statements, and the absence of statements taken from two witnesses. Buchanen also said that it would be beneficial to listen to the actual recordings of the witnesses' statements. She also pointed out that the police did not find shell casings or any bullet holes in Bomato's trailer but that one witness mentioned giving a shell casing to the police.

In our review, we must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Although it is true that counsel has a duty to conduct a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary, a petitioner under Rule 37.1 who alleges ineffective assistance of counsel for failure to perform adequate investigation must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome of trial. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. A petitioner who asserts ineffective assistance for failure to investigate must show that further investigation would have been fruitful and that the specific materials identified that counsel could have uncovered would have been sufficiently significant to raise

a reasonable probability of a different outcome at trial. *Id*. General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895.

In the present case, appellant offered testimony concerning matters that might have been explored by further investigation. However, appellant's assertions fail to demonstrate the requisite prejudice, because appellant did not provide facts concerning evidence or information that counsel could have discovered that raised a reasonable probability that appellant would not have entered the plea. As such, appellant's claim is wholly conclusory, and neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption of competence and cannot provide a basis of postconviction relief. *Id*.

Next, appellant asserts that his counsel failed to keep him reasonably informed about the status of his case and that he did not promptly comply with requests to provide him with the discovery materials supplied by the prosecuting attorney. On this issue, the circuit court determined that counsel's conduct did not fall below an objective standard of reasonableness. The court found that counsel met with appellant prior to the hearings in court and five times while appellant was in jail. The circuit court also found that counsel discussed the case with appellant for at least one and a half hours immediately before the plea hearing. In addition, the circuit court credited counsel's testimony that appellant had a tendency to speak too freely and that counsel purposely did not provide discovery to appellant far in advance of trial for fear that another inmate might be able to use the information to gain an advantage with the

7

prosecuting attorney.

We have held that general assertions that counsel did not meet with the defendant often enough, or did not prepare for trial aggressively enough, do not provide sufficient grounds for ineffective assistance of counsel. *Polivka*, *supra*; *Furr v. State*, 297 Ark. 233, 761 S.W.2d 160 (1988). For this reason, and because the circuit court's findings are not clearly erroneous, we affirm on this point.

Finally, appellant urges this court to reverse the circuit court's decision based on the cumulative effect of counsel's errors. However, when a defendant alleges several errors amounting to ineffective assistance of counsel, at least one error, standing alone, must meet the standard of *Strickland* for the defendant to be successful; we do not recognize an ineffective-assistance-of-counsel claim based purely on the cumulative effect of counsel's errors. *Polivka*, *supra*; *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000); *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999).

Affirmed.

*Omar F. Greene II*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

SLIP OPINION