SLIP OPINION

Cite as 2015 Ark. 233

# SUPREME COURT OF ARKANSAS

No. CR-15-76

| | |
|---|---|
| TIMOTHY L. WHEELER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered May 21, 2015<br><br>PRO SE MOTIONS FOR TRANSCRIPT, FOR EXTENSION OF TIME, FOR APPOINTMENT OF COUNSEL, AND TO SUPPLEMENT ABSTRACT, ADDENDUM AND BRIEF, AND APPELLEE'S MOTION FOR EXTENSION OF BRIEF TIME [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-3324]<br><br>HONORABLE HERBERT T. WRIGHT, JR. JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT.</u> |

**PER CURIAM**

In 2013, a jury found appellant Timothy L. Wheeler guilty of first-degree battery and sentenced him to 360 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Wheeler v. State*, 2014 Ark. App. 281. Wheeler subsequently filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that was denied. He lodged an appeal from that order in this court. Wheeler filed five motions in which he sought an extension of time to file his brief, access to the transcript, and appointment of counsel. Wheeler then filed his brief, and he has now filed a motion to supplement the brief and tendered a supplemental brief with the motion. The State filed a motion for an extension of brief time along with its response to

SLIP OPINION

the motion to supplement. Because we dismiss the appeal, the motions are moot.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denies postconviction relief is permitted to go forward, we dismiss the appeal. *Winters v. State*, 2014 Ark. 399, 441 S.W.3d 22 (per curiam). Here, it is clear from the record that Wheeler's petition under Rule 37.1 failed to set forth a meritorious claim for relief, and he therefore cannot prevail on appeal.

A brief summary of the evidence presented at trial is necessary to understand the issues. A police officer picked Wheeler up near a location in North Little Rock where two witnesses saw a man fitting Wheeler's description strike Jason Bernard with a large stick or board. One of the witnesses, Marlando Collins, identified Wheeler to an officer on the scene and in court. Collins testified that he saw two men arguing from his car, that he circled the block and observed Wheeler grab a stick or board and strike Bernard as Bernard was walking away. Collins stated in his testimony that, after Bernard fell face first onto the cement sidewalk, Wheeler struck him again, kicked him several times, and threw the implement on the ground before walking away. A doctor who treated Bernard at the hospital that night testified concerning Bernard's injuries. Bernard's mother, Wanda Jean Campise, testified that Bernard was no longer able to care for himself and required assistance to bathe or dress.

In his Rule 37.1 petition, Wheeler alleged that trial counsel was ineffective for failing to have an expert "interpret" the medical information, for failing to use evidence of the victim's legal problems and drug use to support Wheeler's claim of self defense, for failing to impeach the victim's mother with a felony conviction, for failing to impeach Collins about inconsistent

statements, for failing to object to the admission of a stick found at the scene as the weapon, for failing to object when the prosecutor made a statement while Wheeler was testifying indicating that the victim would have been better off if Wheeler had pushed Bernard into traffic, for failing to object to the seating of a juror whose father worked for the railroad, for failing to investigate a 911 call involving Bernard at Wheeler's house ten days before the incident, for failing to object to sentencing under the wrong statute, for failing to object to the prosecutor stating that the victim was hit in the back of the head, and for failing to object to admission of a statement by an officer that Wheeler had been in a previous altercation with Bernard even though a tape from the officer's vehicle's recorder was not admitted.[1]  In addition, Wheeler alleged that he was prejudiced because the trial judge did nothing when he complained that his attorney was given co-counsel only four days before trial.  Woven into Wheeler's allegations of ineffective assistance are a number of assertions that the evidence was insufficient to support the judgement.

Wheeler's claims of insufficient evidence and trial error concerning the failure of the judge to grant a continuance or other relief when co-counsel was appointed are not claims cognizable in proceedings under Rule 37.1.  Generally, Rule 37 does not provide a remedy when an issue could have been raised at trial or argued on appeal.  *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315.  Claims of mere trial error and challenges to the sufficiency of the evidence are not grounds for relief under Rule 37.1.  *See Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam).

---

[1]Wheeler filed a motion to amend and extend the ten-page limit that was denied by the trial court.  Wheeler did not identify any additional claims in the motion that he would have raised.  Wheeler appeared to wish instead to additionally argue the same claims identified in the original petition.

Wheeler's claims of ineffective assistance of counsel, although cognizable, did not include sufficient factual substantiation to support his claims. Such unsupported claims do not provide a basis for postconviction relief. *See Young v. State*, 2015 Ark. 65. In making that determination, our review follows the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. Unless a petitioner under Rule 37 makes both required showings under the *Strickland* analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Stewart*, 2014 Ark. 419, 443 S.W.3d 538. This court has held that a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors in order to meet the second prong of the test. *Sales*, 2014 Ark. 384, 441 S.W.3d 883. A reasonable probability is a probability sufficient to undermine

SLIP OPINION

confidence in the outcome of the trial. *Id.* The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice. *Mister*, 2014 Ark. 446. In those instances when appellant alleged deficient performance, appellant's claims did not include sufficient facts to meet that burden.

A number of Wheeler's claims alleged that counsel was ineffective for failure to investigate potential evidence. Under the applicable standard, a petitioner who asserts ineffective assistance for failure to investigate must show that further investigation would have been fruitful. *Young v. State*, 2015 Ark. 65. In addition to identifying specific materials that counsel could have uncovered, the petitioner must also show that those items discovered would have been sufficiently significant to raise a reasonable probability of a different outcome at trial. *Id.* Wheeler did not show that counsel could have uncovered sufficiently significant information that would raise a reasonable probability of a different outcome if counsel had further investigated the medical information, Bernard's legal problems and possible drug addiction, or the 911 call for Wheeler's previous altercation with Bernard.

Wheeler identified no specific evidence that he alleged counsel may have presented at trial as a result of further investigation. To the extent that he alleged generally that there was evidence that the victim was a drug addict, Wheeler made little more that conclusory statements concerning how this evidence would have furthered his defense. Conclusory claims such as Wheeler made in the petition fail to demonstrate prejudice or support postconviction relief. *See McNichols v. State*, 2014 Ark. 462, 448 S.W.3d 200 (per curiam); *Nalls v. State*, 2014 Ark. 434, 445 S.W.3d 509 (per curiam).

SLIP OPINION

Wheeler alleged that the evidence would have contradicted the victim's statements concerning the attack. There were, however, no statements made by the victim concerning the attack in the evidence admitted at trial. Further, counsel was successful in eliciting some testimony that supported Bernard having a violent nature. There was testimony that referenced the previous confrontation that resulted in a 911 call. In light of testimony from Collins that Wheeler had struck Bernard as Bernard was attempting to leave, any additional evidence supporting Wheeler's knowledge of Bernard's violent nature would not appear to be sufficiently significant to raise a reasonable probability of a different outcome at trial.

Next, Wheeler asserted counsel was ineffective for failure to impeach Campise with her felony conviction and to impeach Collins with his inconsistent statements. Again, Wheeler failed to affirmatively support his claims of prejudice for these claims by providing facts that would raise a reasonable probability of a different outcome at trial.

The trial court had granted a motion in limine by the State to exclude the use of Campise's felony conviction. The conviction was not to be used for impeachment purposes on the basis that it exceeded the time limitations in Arkansas Rule of Evidence 609 (2014) because it was more than ten years old. Although Wheeler alleged that counsel should have used the felony, he did not allege any facts concerning how counsel could have successfully challenged the ruling in order to use the felony to impeach Campise. As for Collin's inconsistent statements, counsel had brought out a number of inconsistencies during cross examination, and those additional ones identified by Wheeler in the petition were not sufficient to raise a reasonable probability of a different outcome at trial.

SLIP OPINION

Wheeler's remaining claims alleged ineffective assistance based on a failure to object. In order to demonstrate prejudice for a failure to object, the petitioner must have submitted facts to support the proposition that counsel could have raised a specific, meritorious argument and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment. *Montgomery v. State*, 2014 Ark. 122 (per curiam). Where it is asserted that counsel was ineffective for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious; the failure to make an argument that is meritless is not ineffective assistance of counsel. *Rainer*, 2014 Ark. 306, 440 S.W.3d 315.

Wheeler therefore had a burden to demonstrate that counsel could have made a meritorious argument against admission of the stick. Appellant asserted counsel should have argued that the stick was not shown to have been used in the crime. There was evidence admitted that appellant used a board or stick to strike Bernard, that the weapon was thrown down in the area where the stick was found, and that there were stains on the stick when it was found shortly after the beating. The stains appeared to be blood. Counsel did object to admission of the stick on the basis that a proper foundation had not been made, referring to her previous comments that the apparent blood on the stick had not been tested. In light of the evidence at trial and the admission of the stick over counsel's objection, Wheeler failed to meet his burden.

Concerning Wheeler's claims that counsel should have objected to the prosecutor making a statement that Bernard would have been better off if Wheeler had pushed him into traffic and

SLIP OPINION

that Bernard was hit in the back of the head, the record is at odds with Wheeler's allegations. There was no statement made during Wheeler's testimony about Wheeler pushing the victim into traffic as alleged. Counsel could not be ineffective for failing to object if no comment was made. Wheeler asserted that counsel should have objected on the basis that the prosecutor's comments that Bernard had been hit in the back of the head were at odds with the testimony. Collins, however, testified that Wheeler hit Bernard in the back of the head. The proposed objection therefore would have been without merit.

Wheeler also failed to demonstrate that counsel could have successfully challenged the seating of the juror that he alleged was biased. Wheeler alleged that the juror's father worked for the railroad and had been attacked with a stick. Wheeler did not identify the specific juror. The record indicates that during voir dire one seated juror stated that her grandfather had retired from the railroad that employed the two eyewitnesses and that her stepfather had been murdered with a blunt object. The record also indicates that the juror indicated that she could set aside her past experiences in that regard, render a decision based on the evidence, and not convict someone because of her experiences.

To prevail on an allegation of ineffective assistance of counsel with regard to jury selection, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). To accomplish this, a petitioner must demonstrate actual bias. *Id.* The actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. *Id.* Wheeler's allegations in the petition were not sufficient to meet that heavy burden, to the extent that those allegations

SLIP OPINION

may have been supported by the record.

Wheeler's next claim was that counsel should have objected to Wheeler's sentencing under Arkansas Code Annotated section 16-93-609. The judgment in this case includes a notation that Wheeler was not eligible for parole because he had a prior first-degree battery conviction. One of the exhibits admitted at trial concerning Wheeler's status as a habitual offender was a 2005 judgment reflecting such a conviction. It is true that parole eligibility is within the domain of the executive branch; the judiciary has no jurisdiction over how parole eligibility is determined. *Johnson v. State*, 2012 Ark. 212. Regardless, if counsel had objected and the notation, which was accurate, was removed from the judgment, Wheeler would remain subject to application of section 16-93-609 by the Department of Correction. Wheeler was therefore not prejudiced by any failure of counsel to object to the notation on the judgment.

Wheeler's final claim in the petition was that counsel was ineffective for failing to object when the police officer who had picked Wheeler up near the crime scene referred to the previous altercation between Wheeler and Bernard, even though the audio tape from the patrol car had not been admitted into evidence. Wheeler did not indicate how counsel could have raised any specific meritorious argument in order to exclude the statement. Wheeler only vaguely indicated that the statement was taken out of context and did not identify a meritorious argument that counsel might have made in order to have the statement excluded. In addition, the statement was not, even if taken out of context, detrimental to Wheeler's defense. As already noted, it was helpful in substantiating Wheeler's testimony.

We can determine from the record that none of Wheeler's claims in the petition had

merit.  Because Wheeler failed to set forth a meritorious claim for relief, he cannot prevail on appeal.

Appeal dismissed; motions moot.