SLIP OPINION

Cite as 2016 Ark. 45

# SUPREME COURT OF ARKANSAS.
No. CR-15-781

| | | |
|---|---|---|
| DAVID W. ENGSTROM | | **Opinion Delivered** February 4, 2016 |
| | APPELLANT | |
| | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-12-1134, 60CR-13-3242] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

On December 11, 2012, judgment was entered in the Pulaski County Circuit Court in case number 60CR-12-1134 reflecting that appellant David W. Engstrom had entered a plea of guilty to the offense of failure to register as a sex offender and that he had been placed on probation for a period of seventy-two months. In January 2015, probation was revoked, and Engstrom was sentenced to serve a term of thirty-six months' imprisonment. On January 23, 2015, judgment was entered in case number 60CR-13-3242, reflecting that Engstrom had pleaded guilty to multiple counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child and that an aggregate sentence of 720 months' imprisonment had been imposed.

On April 21, 2015, Engstrom filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015) seeking to have the judgments in both cases declared void. While Engstrom placed both docket numbers on the petition, the allegations contained in it pertained only to case number 60CR-13-3242. The trial court

SLIP OPINION

entered one order that covered both cases in which it addressed the issues raised in the petition and declared that those issues were without merit and also held that the petition filed April 21, 2015, was subject to dismissal on the ground that the Rule 37.1 petition was not timely filed. Engstrom lodged an appeal in this court from the order. Now before us are Engstrom's motions for extension of time to file his brief.

We dismiss the appeal because it is evident from the record that appellant could not succeed on appeal. This court will not permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91. The motions are rendered moot by the dismissal of the appeal.

With respect to case number 60CR-12-1134, the Rule 37.1 petition was indeed untimely filed. Rule 37.2(c) requires that, when an appellant entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i). As stated, Engstrom filed his Rule 37.1 petition that referenced the 2012 judgment in 2015, which was outside the ninety-day period to seek relief under the Rule in that case. Accordingly, the trial court was correct that it could not consider the petition as it concerned 60CR-12-1134.

In 60CR-13-3242, the Rule 37.1 petition was timely filed, but the petition did not state a ground on which relief under the Rule could be properly granted. When a plea of guilty is entered, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259.

SLIP OPINION

Engstrom contended specifically that his attorney was ineffective because counsel's tactics intimidated him into pleading guilty despite the fact that he only possessed pictures and videos and never made actual physical contact with a victim. He further contended that counsel would not accept his phone calls or visit him before he entered the plea and did not inform him until the day the plea was entered that the sentences for his multiple offenses would be ordered to be served consecutively. He also claimed that his attorney did not inform him that he could appeal from the guilty-plea judgment and that evidence was insufficient to justify his attorney's advice that he enter a plea of guilty that had the effect, considering his age, of causing him to spend the rest of his life incarcerated.

On appeal from the denial of Rule 37.1 relief, we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that the petitioner was deprived of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial, the outcome of which cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Lemaster v. State*, 2015 Ark. 167, 459 S.W.3d 802. This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001).

SLIP OPINION

A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Prater v. State*, 2012 Ark. 164, at 8, 402 S.W.3d 68, 74. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The general rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the "cause and prejudice" test of *Strickland* applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Mancia*, 2015 Ark. 115, 459, S.W.3d 259. The onus is on the petitioner to overcome the presumption that counsel was effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Anderson v. State*, 2011 Ark. 488, at 5, 385 S.W.3d 783, 788. Conclusory statements cannot be the basis for postconviction relief. *Id.*

Under the *Strickland* standard, Engstrom did not demonstrate in his petition that his plea was not intelligently and voluntarily entered on advice of competent counsel. First, he did not explain what tactics were employed by counsel to compel him to enter a plea of guilty.

SLIP OPINION

The conclusory statement did not affirmatively support his claim of prejudice and was not sufficient to overcome the presumption that counsel was effective. *See Watson v. State*, 2014 Ark. 203, at 5, 444 S.W.3d 835, 840.

With regard to Engstrom's allegation concerning whether his conduct was serious enough to warrant such a lengthy sentence because he did not make physical contact with a victim, the issue was one which could, and should, have been addressed before he entered his plea of guilty. Assertions that are essentially a challenge to the sufficiency of the evidence to support the judgment are not cognizable in a Rule 37.1 proceeding. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. By pleading guilty, Engstrom waived any claim that he was not guilty of the charges. *Beverage v. State*, 2015 Ark. 112, at 7, 458 S.W.3d 243, 248.

As for Engstrom's allegation that his attorney did not accept his phone calls and visit him, to establish prejudice and demonstrate ineffective assistance of counsel for failure of counsel to communicate with the defendant, a petitioner who entered a plea of guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pled and would have insisted on going to trial. *See Scott v. State*, 2012 Ark. 159 (per curiam). A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Scott*, 2012 Ark. 199, 406 S.W.3d 1. Engstrom did not explain how further contact with counsel would have strengthened his defense or otherwise prevented him from entering a guilty plea. A petitioner under the Rule arguing that his defense was affected by a lack of contact with counsel must set out the specific prejudice he suffered inasmuch as a petitioner who has entered a guilty plea normally will

have considerable difficulty in proving any prejudice, as the plea rests on an admission in open court that the appellant did the act charged. *See id*.

Turning to the length of the aggregate sentence imposed, Engstrom conceded in his petition that he was prepared to plead guilty and be sentenced to a term of imprisonment for each charge. That is, his primary focus in the petition was not on the entry of the guilty plea, but rather on the fact that he was ordered to serve consecutive sentences. Engstrom did not state a basis for Rule 37.1 relief because he could have declined to enter the plea when he learned of the court's intention to order consecutive sentencing and proceeded to trial. A criminal defendant does not have an absolute right to plead guilty on his or her own terms. *See Numan v. State*, 291 Ark. 22, 23, 722 S.W.2d 276, 277 (1987). That is, Engstrom could have opted to be tried for the offenses, and he failed to state any reason that he could not have refused to enter his plea when he determined the length of the aggregate sentence that would be imposed.

Finally, with respect to Engstrom's claim that his attorney failed to advise him of his right to appeal, Arkansas Rule of Appellate Procedure–Criminal 1(a) (2015) provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3 (2015). *See Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004). Two additional exceptions to the general rule, as set out in *Seibs* and *Johnson v. State*, 2010 Ark. 63, are (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *See Bradford v. State*, 351 Ark.

SLIP OPINION

394, 94 S.W.3d 904 (2003). Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. *Nelson v. State*, 2012 Ark. 217 (per curiam); *Smith v. State*, 2011 Ark. 54 (per curiam); *Grissom v. State*, 2009 Ark. 328 (per curiam); *see also Berry v. City of Fayetteville*, 354 Ark. 470, 125 S.W.3d 171 (2003); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999). We have held, however, that an appeal may be taken after a guilty plea when the petitioner alleges evidentiary errors which arose after the plea and during the sentencing phase, regardless of whether a jury was impaneled for that phase of trial. *See Tubbs v. State*, 2011 Ark. 166 (per curiam); *see also Johnson*, 2010 Ark. 63.

Engstrom did not contend that his plea was conditional or that it otherwise met any of the exceptions that would allow for an appeal from the judgment. Accordingly, he did not establish that counsel had a duty to inform him of a right to appeal from the judgment entered on his plea of guilty. *See Nelson*, 2012 Ark. 217; *see also Smith*, 2011 Ark. 54.

Appeal dismissed; motions moot.