SLIP OPINION

Cite as 2016 Ark. 328

# SUPREME COURT OF ARKANSAS.
No. CR–16–58

| | | |
|---|---|---|
| DOUGLAS COOK | | **Opinion Delivered** October 6, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF, MOTION FOR TRANSCRIPT, AND MOTION FOR APPOINTMENT OF COUNSEL [POPE COUNTY CIRCUIT COURT, NO. 58CR-14-276] |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

On October 27, 2014, appellant Douglas Cook pleaded guilty to four counts of rape and was sentenced to an aggregate sentence of 720 months' imprisonment in the Arkansas Department of Correction. Cook sought an appeal from the denial by the trial court of Rule 37.1 relief, and, on January 25, 2016, Cook filed a motion for belated appeal and certiorari to complete the record and tendered a partial record, alleging that the circuit clerk erred by not file-marking his Rule 37.1 petition, which prevented this court's clerk from lodging the record on appeal.

On March 31, 2016, because proper consideration could not be given to Cook's motion without a file-marked copy of the Rule 37.1 petition, the matter was remanded to the trial court. *Cook v. State*, 2016 Ark. 143 (per curiam). The Pope County Circuit Clerk subsequently file-marked Cook's Rule 37.1 petition for July 8, 2015, and the trial court denied relief on April 12, 2016, finding that Cook's Rule 37.1 petition was untimely because it was filed more than ninety days after the entry of judgment on his guilty plea on

October 27, 2014. The record was lodged with this court on April 22, 2016, and a briefing schedule was set.[1] Now before us is Cook's motion for extension of time to file a brief, motion for transcript, and motion for appointment of counsel.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91. As it is clear from the record that Cook could not prevail on appeal, the appeal is dismissed. The dismissal of the appeal renders the motions moot.

Rule 37.2(c) requires that, when an appellant entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i); *see Engstrom v. State*, 2016 Ark. 45, 481 S.W.3d 435 (per curiam) (Petitioner's Rule 37.1 petition referenced a 2012 judgment in his 2015 petition, which was outside the ninety-day period to seek relief under the Rule in that case.); *Winnett v. State*, 2012 Ark. 404 (per curiam). Cook filed his Rule 37.1 petition in July 2015, nearly nine months after entry of judgment from his plea of guilty—clearly outside the ninety-day period to seek relief under the Rule. Because the petition was not timely filed, the trial court did not have the authority to grant the relief sought. *See Tolliver v. State*, 2016 Ark. 111 (per curiam). Although Cook contended that his lack of access to a law library should excuse his untimeliness, there are no provisions in the prevailing rules of

---

[1]Cook's previously filed notice of appeal was deemed filed as of April 13, 2016, as it was filed prior to entry of the April 12, 2016 order denying relief. *See* Ark. R. App. P.–Crim. 2(b)(1) (2015).

procedure that permit a petitioner to file his petition outside the time limits set by Rule 37.2(c) of the Arkansas Rules of Criminal Procedure. *See id.* Accordingly, the trial court properly denied the relief sought.

Appeal dismissed; motions moot.