SLIP OPINION

Cite as 2016 Ark. 401

# SUPREME COURT OF ARKANSAS

No. CR-16-602

| | |
|---|---|
| MICHAEL WAYNE SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 17, 2016<br><br>PRO SE PETITION FOR WRIT OF CERTIORARI AND EXTENSION OF BRIEF TIME; MOTION TO FILE BELATED BRIEF<br>[SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NOS. 66CR-15-490, 66CR-15-499]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br><u>APPEAL DISMISSED; PETITION AND MOTION MOOT</u>. |

**PER CURIAM**

In 2015, appellant Michael Wayne Smith entered a negotiated plea of guilty to aggravated robbery, theft of property, furnishing a prohibited article, and one misdemeanor count of third-degree battery. An aggregate sentence of 300 months' imprisonment was imposed. On February 25, 2016, Smith filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015) seeking to have the judgment vacated on the ground that he was not afforded effective assistance of counsel. After a hearing was held on the petition, the trial court denied the relief sought, and Smith lodged an appeal in this court. Now before us is Smith's petition for writ of certiorari and for extension of time to file his brief and his motion to file a belated brief.

SLIP OPINION

We dismiss the appeal because it is evident from the record that Smith could not succeed on appeal. This court will not permit an appeal from an order that denied a petition for postconviction relief to go forward where it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91. The petition and motion are rendered moot by the dismissal of the appeal. *Engstrom v. State*, 2016 Ark. 45, 481 S.W.3d 435 (per curiam).

The Rule 37.1 petition filed by Smith did not state and support with facts a ground on which relief under the Rule could be properly granted. When a plea of guilty is entered, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. In his petition, Smith contended specifically that his attorney was ineffective because counsel failed to investigate the facts of his case; failed to advise him of the legal consequences of his prior criminal convictions; did not explain the discovery motion to him; visited him only twice in eight months; and did not succeed in having the aggravated-robbery charge reduced to simple robbery even though the offense was committed with a plastic gun. At the hearing, Smith added the claim that his fitness to proceed had not been established before the plea was entered.

On appeal from the denial of Rule 37.1 relief, we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that the petitioner was deprived of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.*

Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial, the outcome of which cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Lemaster v. State*, 2015 Ark. 167, 459 S.W.3d 802. This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Prater v. State*, 2012 Ark. 164, at 8, 402 S.W.3d 68, 74.

A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. The general rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the "cause and prejudice" test of Strickland applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Mancia*, 2015 Ark. 115, 459 S.W.3d 259. The onus is on the petitioner to overcome the presumption that counsel was effective by identifying

specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Anderson v. State*, 2011 Ark. 488, at 5, 385 S.W.3d 783, 788. Conclusory statements cannot be the basis for postconviction relief. *Id.* Under the *Strickland* standard, Smith did not demonstrate in his petition or in his testimony at the hearing on his petition that his plea was not intelligently and voluntarily entered on advice of competent counsel.

Smith's trial attorney testified at the hearing that there was a strong circumstantial case against him, that he had four prior felony convictions, and that one of those prior offenses, discharge of a firearm from a vehicle committed in 1994, rendered him subject to the requirement under Arkansas Code Annotated section 16-93-609(b)(1) (Repl. 2006) that he serve 100 percent of the sentence imposed. The statute excludes from parole eligibility a person who commits a violent felony offense after having previously been convicted of a violent felony offense. Ark. Code Ann. § 16-93-609(b) ; *see Johnson v. State*, 2012 Ark. 212, at 3. The State placed into evidence proof of Smith's prior criminal convictions at the Rule 37.1 hearing, which established that the statute applied to Smith's case in 2015. Counsel testified that she explained the requirement that Smith serve all of the sentence because of his prior convictions and that he urged counsel to negotiate with the State to obtain a plea bargain for the lowest possible sentence. Smith ultimately conceded at the Rule 37.1 hearing that he was aware of the statute that required him to serve his entire sentence and that he understood that it applied to him even though the prior felony conviction that made him subject to the 100 percent requirement occurred more than twenty years ago.

Counsel also testified that there was an offer by the State whereby Smith would agree to a guilty plea with a sentence of 480 months, but counsel succeeded in obtaining an offer of 300 months. Counsel communicated both offers in letters to Smith and also visited him twice to discuss the matter and that he opted to accept the plea bargain for 300 months' imprisonment rather than go to trial. Based on the testimony of counsel and Smith, it is clear that Smith failed entirely to meet his burden of demonstrating that counsel made any error with respect to the application of the statute to his case such that there is a reasonable probability that he would not have entered a guilty plea had counsel not made the error. *See Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003).

In a related allegation, Smith contended that counsel could have challenged the application of the statute to his sentence on the grounds that he was young when he committed the 1994 offense that caused the statute to apply to him. He also alleged, without further explanation, that the prior offense was not "under the same statute." Smith did not state a ground for relief because he stated no basis on which the statute could be challenged on the basis of the youth of the offender at the time of the prior offense. Section 16-93-609(b) was applied to Smith because he committed the prior offense, discharging a firearm from a vehicle, subsequent to August 13, 2001. The offense is listed as one of the felony offenses referred to in section 16-93-203(b)(2). *See* Ark. Code Ann. § 5-4-501(d)(2)(A)(xiii) (Supp. 2003). Smith did not show that counsel was remiss for not challenging the application of the statute to his sentence or that he was not correctly advised that the statute applied to his case before he entered the plea.

With respect to Smith's allegation at the hearing that his fitness to proceed had not been established before he entered his plea, a forensic mental evaluation was conducted prior to the plea. The examiner noted that Smith had a history of mental illness and had a mental disease but found that Smith did not have a mental defect and was competent to proceed. Smith's allegation at the hearing that he was not fit to proceed was based on his bare statements that he was not thinking clearly at the time of the crime, that he was not taking his medication, and that no one in his right mind would rob a bank and not flee the scene. He offered no other factual substantiation for the claim that the mental evaluation was inaccurate.

When the petitioner under the Rule fails to allege facts that were sufficient to support his claim of incompetence, he has not established that the judgment entered on a plea of guilty should be vacated under the *Strickland* standard. *Savage v. State*, 2015 Ark. 212, 462 S.W.3d 326 (per curiam). Even when a petitioner can document a history of mental illness or show that counsel could have argued incompetence at trial, that showing, without more, is not sufficient to support postconviction relief. *See Robertson v. State*, 2010 Ark. 300, at 6–7, 367 S.W.3d 538, 543 (per curiam). We have previously held that a petitioner who asserts his incompetence for the first time in a petition for postconviction relief has the heavy burden of demonstrating with facts that he was not competent at the time of trial, or, as in Smith's case, at the time of his guilty plea. *Matthews v. State*, 332 Ark. 661, 666, 966 S.W.2d 888, 891 (1998) (per curiam); *Henry v. State*, 288 Ark. 592, 708 S.W.2d 88 (1986) (per curiam). Smith did not meet that burden.

Smith's assertion that counsel failed to investigate his case was also devoid of factual substantiation to establish that counsel was ineffective. To prevail on a claim of ineffective assistance of counsel for failure to investigate, the petitioner must allege some direct correlation between counsel's deficient performance and the decision to enter the plea, or the petitioner is procedurally barred from postconviction relief. *Mancia*, 2015 Ark. 115, 459 S.W.3d 259. Statements without an alleged factual basis do not suffice. *Pedraza v. State*, 2016 Ark. 85, at 3–4, 485 S.W.3d 686, 690 (per curiam). Because Smith did not state any specific information that could have been discovered that would have changed his decision to enter his plea, he did not show that counsel made any error. *See Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508.

Smith also did not demonstrate that counsel visiting him only twice in eight months constituted ineffective assistance of counsel in that he did not show how he was prejudiced by counsel's conduct. To prevail on such an allegation, Smith must delineate the actual prejudice that arose from the failure to visit and consult with him and demonstrate a reasonable probability that the specific information that would have been uncovered with further contact would have changed his decision to enter the plea. *See Engstrom*, 2016 Ark. 45, at 5, 481 S.W.3d 435, 439. This court has held that general assertions, unsupported with facts, that counsel did not prepare aggressively enough, do not provide a basis for a finding of ineffective assistance of counsel. *See Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923 (per curiam); *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Smith did not provide a showing of a direct correlation between counsel's deficient behavior and his decision to enter the plea. *Scott v. State*, 2012 Ark. 199, at 9, 406 S.W.3d 1, 5.

As to Smith's allegation concerning counsel's failure to have the aggravated-robbery charge reduced to simple robbery because the weapon used to threaten the victim was a toy, the allegation did not amount to a showing of ineffective assistance of counsel. Smith did not establish that there was any basis for reduction of the charge. A person commits aggravated robbery if he commits robbery and "[r]epresents by word or conduct" that he is armed with a deadly weapon. Ark. Code Ann. § 5-12-103(a)(2) (Repl. 2006). Even if Smith committed robbery with a toy gun, the instrument was used to imply the threat of physical harm by a deadly weapon, and the focus of the statute is on the representation that the perpetrator is armed with a deadly weapon. *See Heard v. State*, 2009 Ark. 546, at 3, 354 S.W.3d 49, 51. Furthermore, Smith stated in his Rule 37.1 petition that counsel had advised him that the use of a toy gun could satisfy the elements of aggravated robbery, indicating that before he entered his plea he had been informed that his conduct was sufficient to sustain a conviction for aggravated robbery.

Finally, because the issues raised by Smith rested on the claim that Smith's counsel was ineffective prior to entry of his guilty plea, his claims for postconviction relief were subject to the limitation, discussed above, that Rule 37.1 petitions following guilty pleas may only challenge whether the plea of guilty was intelligently and voluntarily entered and whether the plea was made on the advice of competent counsel. *Polivka*, 2010 Ark. 152, at 9, 362 S.W.3d 918, 925. Smith did not demonstrate in his petition or at the hearing that counsel's conduct prejudiced his defense such that it cannot be said that his plea was not intelligently and voluntarily entered on advice of competent counsel. Accordingly, the trial

SLIP OPINION

court did not err in declining to vacate the judgment under the Rule.  *See Branham v. State*,

292 Ark. 355, 357, 730 S.W.2d 226, 227 (1987).

Appeal dismissed; petition and motion moot.