SLIP OPINION

Cite as 2017 Ark. 5

# SUPREME COURT OF ARKANSAS.
No. CR–16–839

| | | |
|---|---|---|
| ROBERT EARL WOODS | | **Opinion Delivered** January 12, 2017 |
| | APPELLANT | |
| V. | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-14-1744] |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

On December 8, 2014, appellant Robert Earl Woods pleaded guilty to two counts of rape. In a March 18, 2015 order, Woods was sentenced to an aggregate sentence of 480 months' imprisonment in the Arkansas Department of Correction. On May 5, 2015, Woods filed his first petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015), alleging various grounds of ineffective assistance of counsel. After an evidentiary hearing on February 19, 2016, the trial court denied postconviction relief in an order file-marked on April 19, 2016. Woods subsequently filed a second Rule 37.1 petition on May 23, 2016. The trial court denied the postconviction petition on June 10, 2016, and Woods lodged an appeal with this court, seeking to appeal the denial of relief.[1] Now before us is Woods's motion for extension of time to file a brief.

---

[1]Woods's notice of appeal references a final order entered on June 23, 2016. There is no order entered on that date contained in the record; however, the trial court's order denying Woods's Rule 37.1 petition was file-marked on June 10, 2016.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91. As it is clear from the record that Woods could not prevail on appeal, the appeal is dismissed. The dismissal of the appeal renders the motion for extension of time to file brief moot.

Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. *See Hinkston v. State*, 2016 Ark. 4, at 4 (per curiam). If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *See Cooper v. State*, 2014 Ark. 243 (per curiam). Woods failed to demonstrate that his first Rule 37 petition was denied without prejudice; therefore, a subsequent Rule 37.1 petition would be prohibited. *Hinkston*, 2016 Ark. 4. The trial court properly denied Woods's request for postconviction relief because Woods attempted to raise claims in an unauthorized second Rule 37.1 petition.

Additionally, Rule 37.2(c) requires that, when an appellant entered a plea of guilty, a petition under the Rule must be filed in the trial court within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c)(i); *see Engstrom v. State*, 2016 Ark. 45, 481 S.W.3d 435 (per curiam) (Petitioner's Rule 37.1 petition referenced a 2012 judgment in his 2015 petition, which was outside the ninety-day period to seek relief under the Rule in that case.); *see also Cook v. State*, 2016 Ark. 328 (per curiam); *Winnett v. State*, 2012 Ark. 404

(per curiam). Consequently, Woods filed his unauthorized second Rule 37.1 petition in May 2016, over a year after entry of judgment from his plea of guilty—clearly outside the ninety-day period to seek relief under the Rule, making it likewise untimely. *See Banks v. State*, 2015 Ark. 368, at 2–3 (per curiam). The Rule 37.1 petition was not timely filed; as a result, the trial court did not have the authority to grant the relief sought. *See Tolliver v. State*, 2016 Ark. 111 (per curiam). Because it is clear from the record that Woods could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot.

Appeal dismissed; motion moot.